UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER SPAN and DR. NICHELLE RIVERS,

                Plaintiffs,

  -against-                                                    12-cv-0975

ENLARGED CITY SCHOOL DISTRICT OF TROY,
BOARD OF EDUCATION OF THE TROY SCHOOL DISTRICT,
THOMAS MAYO, MARY MARRO-GIROUX, ANNE
WAGER-ROUNDS, ILENE CLINTON, JASON SCHOFIELD,
MICHAEL TUTTMAN, MARTHA WALSH, and
STEPHANIE SCULLY, each in his or her individual capacity,

                Defendants,

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.      INTRODUCTION**

Plaintiffs commenced this action pursuant to 42 U.S.C. §§ 1981 & 1983, and the New York State Human Rights Law, asserting claims of race based employment discrimination. Defendants Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh, and Scully move pursuant to Fed. R. Civ. Pro. 12(b)(6) to dismiss the claims against them. Dkt. # 7. Plaintiffs have opposed the motion, and Defendants have replied.

1

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations. Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint

2

pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

With this standard in the mind, the Court will address the pending motion to dismiss.

### III.   DISCUSSION

#### a.  New York Human Rights Law Claims

Defendants Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh, and Scully, each individual Board Members of the Board of Education of the Enlarged City School District of Troy ("Individual Board Members"), move to dismiss Plaintiffs' New York Human Rights Law claims as untimely and because Plaintiffs failed to served them with Notices of Claim. See N.Y. Educ. Law § 3813.  Plaintiffs respond by indicating that they have withdrawn all New York State Human Rights Law claims against the Individual Board Members. See, Pl. Opp. MOL, p. 13.  Accordingly, Defendants' motion is granted in this regard, and all New York State Human Rights Law claims against the Individual Board Members are dismissed.

#### b.  Section 1981 & 1983 Claims against the Individual Board Members

Next, the Individual Board Members move to dismiss Plaintiffs' claims asserting racial discrimination and retaliation pursuant to 42 U.S.C. §§ 1981 and 1983.  Defendants contend that the Complaint does not plausibly assert that the Individual Board Members were personally involved in the discrimination and retaliation against Plaintiffs.  Plaintiffs argue that their Complaint "clearly makes plausible showings that (1) each of the Individual

3

Board Members voted for adverse employment actions against Span and Rivers, and (2) the Individual Board Members did so for discriminatory and retaliatory reasons, especially given the facts pleaded in the complaint that the school board had a clear pattern of treating black administrators and teachers worse than similarly situated whites, and of firing or not renewing black employees and replacing them with whites." Pl. Opp. MOL, p. 4-5.

In order to establish individual liability under § 1983, a plaintiff must show: (1) that the defendant is a "person" acting "under the color of state law;" and (2) that the defendant caused the plaintiff to be deprived of a federal right. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Additionally, Second Circuit precedent requires "personal involvement of defendants in alleged constitutional deprivations" as a prerequisite to any award of damages under § 1983. Clark v. Levesque, 336 Fed. Appx. 93, 2009 WL 1941191, at *1 (2d Cir. July 8, 2009) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)); Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004); Hernandez v. Keane, 341 F.3d 137, 144-45 (2d Cir. 2003) (personal involvement by the defendant and any alleged constitutional violation is a prerequisite to an award of damages under §1983). A complaint "that fails to allege personal involvement of the defendant is fatally flawed." Wallace v. Conroy, 945 F. Supp. 628, 638 (S.D.N.Y. 1996)(citing Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)).

To allege personal involvement, Plaintiffs must show some tangible connection between the constitutional violations alleged and each particular defendant. See Gronowski v. Spencer, 424 F.3d 285, 293 (2d Cir. 2005). "[T]his principle applies to causes of action claiming unlawful retaliation." Amaker v. Kelley, 2009 WL 385431, at *17

(N.D.N.Y. February 9, 2009).  The same standard also applies to individual liability under 42 U.S.C. §1981. See Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004).

Personal involvement can be demonstrated in a number of ways, see Jamison v. Chapman, 2009 WL 3762348 at *10 (N.D.N.Y. November 9, 2009),[1] including direct participation (as is alleged here) by an Individual Board Member. Id. ("Even if the defendant is not a supervisory official, he may nonetheless be personally involved in the violation of plaintiff's civil rights if he directly participated in the unlawful conduct." ). "Direct participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." Gronowski, 424 F.3d at 293 (citing Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)); see also Pinero v. Casey, 2012 U.S. Dist. LEXIS 33825, *17-18 (S.D.N.Y. March 13, 2012).[2]  When an allegedly discriminatory action is taken by an entity, such as the Board of Education, a participant in the decision making process may be held liable for that action if the plaintiff can demonstrate that the individual defendant acted with a improper motive and played a "meaningful role" in the decision making process, see Holcomb v. Iona College, 521 F.3d 130, 132 & 143  (2d Cir. 2008);[3]

---

[1] Jamison, 2009 WL 3762348 at *10 ("[I]f the defendant is alleged to have acted as plaintiff's supervisor, his personal involvement may be shown through his failure to correct the illegal behavior after learning of the violations, his creation of a custom or policy under which the violations either occurred or were allowed to continue, or lastly, if he was grossly negligent in overseeing the employees who were responsible for the violation of plaintiff's rights." )(citing to Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991)).

[2] ("to state a claim for damages under §1983, the plaintiff must allege sufficient facts to demonstrate the defendants were personally or directly involved in the violation, that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'")(quoting Provost, 262 F.3d at 155).

[3] Id. at 132 ("Of the five officers of the college formally involved in the decision to end Holcomb's employment, Holcomb imputes improper racial motives to two people: Shawn Brennan (the Director of Athletics) and Richard Petriccione (a Vice President of the college)."); id. at 143 (holding that a fact finder

5

Ferrell v. Leake & Watts Services, Inc., 83 Fed. Appx. 342, 346 (2d Cir. 2003)(applying the standard to age discrimination claim); Bickerstaff v. Vassar College, 196 F.3d 435, 450 (2d Cir. 1999);[4] Hickey v. Myers, --- F. Supp.2d ----, 2012 WL 431592 (N.D.N.Y. Feb. 10, 2012) (applying the standard to claims made under Title VII and § 1981), or was a "moving force" behind the discriminatory treatment. See Jeffries v. Harleston, 21 F.3d 1238, 1247 (2d Cir.1994), vacated and remanded on other grounds, 513 U.S. 996, 115 S. Ct. 502, 130 L. Ed.2d 411 (1994); Bender v. City of New York, 2011 WL 4344203, at *3 (S.D.N.Y. Sept. 14, 2011)("Further, to succeed on a Section 1983 claim, a plaintiff must establish causation by showing that 'defendants participated in, or were 'moving forces' behind, the deprivation.'")(quoting Jeffries).

As Defendants point out, Defendants Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh and Scully are individually named only in the fifth paragraph of the complaint which alleges only that each was a member of the Troy school board and a resident of Troy, N.Y. (¶ 5). Plaintiffs' statement of facts contained in the complaint at ¶¶ 7-56 do not mention any of these individually named defendants personally, nor are any particular discriminatory acts attributed to any of these individuals. While the defendant Troy School Board, which is also named as a defendant in Plaintiffs' fourth cause of action, is alleged to have collectively taken actions, these allegations are made against the defendant Board, not any of the Individual Board Members. In the Plaintiffs' statement of

---

could infer that "Brennan, Petriccione, or both, played a meaningful role in the decision to terminate Holcomb.")

[4](Title VII claim may be established "even absent evidence of illegitimate bias on the part of the ultimate decision maker, so long as the individual shown to have the impermissible bias played a meaningful role in the . . . process." )

facts the only allegations made against the "Individual Board Members" collectively (rather than individually) is the allegation that "many" of the Individual Board Members were allegedly "angry" upon receiving Plaintiff Span's notice of claim. (¶ 24).  Further, with respect to Plaintiff Rivers, it is alleged that she experienced constant, unspecified hostility and harassment from Individual Board Members, without specifying which Board members, and that at public meetings of the Board, unspecified Individual Board Members would ridicule Rivers and belittle her. (See ¶¶ 44 - 45).  However, these allegations are made "on information and belief" only, do not contain any allegations of racial harassment with respect to the alleged hostility, harassment or ridicule, and, again, specifically identify none of the Individual Board Members who so acted.

The causes of action against the Individual Board Members provide no further particularized factual allegations against Board Members Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh and Scully. The First Cause of Action, which is Plaintiff Span's claim alleging racial discrimination, makes allegations against theTroy School Board generally without specifying any of the Individual Board Members who are now sued as individual defendants.  Plaintiff alleges only that "on information and belief," unspecified Individual Board Members were responsible for the actions of the Troy School Board, and that these unspecified Individual Board Members intended to discriminate against Span on the basis of race (¶ 70), that they acted under State law, deprived plaintiff of her Federal rights and constituted discrimination, and caused damages (¶¶ 72-75).

The Second Cause of Action, which is Span's claim of retaliation, is similarly deficient as to allegations of particular actions by the Individual Board Members. Plaintiffs

only generally allege "on information and belief" that unnamed Individual Board Members were aware of Span's notice of claim filed against the Troy School Board, that those unnamed Individual Board Members were responsible for adverse employment actions, that "many" unnamed Board members were very angry upon receiving the notice of claim, and that the School Board's vote to deny Span tenure was done by unnamed "Individual Board Members" because Span filed a notice of claim. (See Compl. ¶¶ 76- 88).

The Third Cause of Action, which is Rivers's claim alleging discrimination against the individual Board Members, is similarly devoid of particularization. Again, the allegations made against the Individual Board Members in the Third Cause of Action state only that "on information and belief" Rivers experienced "constant hostility from and harassment by" unspecified Individual Board Members, and that at meetings of the Board, unnamed Individual Board Members would ridicule her and belittle her. (Compl. ¶¶ 94 - 95). No specific allegations are made against any of the Individual Board Members. Further, Rivers generally alleges that the Individual Board Members intended to discriminate against her on the basis of race, and thus deprived her of Federal rights and discriminated against her causing damage (Compl. ¶¶ 100-105), but there is no particularization as to the factual basis of the claims against these individually named defendants.

These allegations are merely bald assertions and conclusions of law which amount to nothing more than threadbare recitals of the elements of a cause of action supported by conclusory, non-specific statements. See Iqbal, 129 S. Ct. at 1948, 1949. The complaint does not allege facts supporting the necessary personal involvement or direct participation of Defendants Mayo, MarroGiroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh or

Scully to establish individual liability under § 1981 or § 1983. See Emmons v. City University of New York, 715 F. Supp.2d at 415, 416 (general allegations that unnamed individual defendants treated plaintiff differently, made fun of her, mocked her accent, and increased surveillance for activities, even assuming arguendo that these activities implicated a right protected by § 1981, did not sufficiently allege any defendant's personal involvement and discrimination sufficient to establish individual liability under §1981); see also, Patterson, 375 F.3d at 229 ("in order to make out a claim for individual liability under § 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with a discriminatory action ... personal liability under § 1981 must be predicated on that actor's personal involvement").  Accordingly, Defendants' motion to dismiss the claims against Defendants Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh and Scully is granted.  Because there is the possibility that Plaintiffs could provide plausible factual allegations against some or all of the Individual Board Members such to establish liability under §§1981 and/or 1983, the dismissal of these claims will be without prejudice to re-pleading.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss [7] is **GRANTED**, and all claims against Defendants Mayo, Marro-Giroux, Wager-Rounds, Clinton, Schofield, Tuttman, Walsh, and Scully are **DISMISSED**.  The claims brought against these defendants under the New York Human Rights law are dismissed with prejudice. The claims brought against these defendants under 42 U.S.C. §§ 1981 and 1983 are dismissed without prejudice to re-pleading.

9

**IT IS SO ORDERED**

**DATED:** September 6, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge